# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARDELL KENNEDY, :<br>    *Plaintiff*, :<br> :<br>v. :<br> :<br>CITY OF PHILADELPHIA POLICE :<br>DEPARTMENT, et al. :<br>    *Defendants*. : | CIVIL ACTION NO. 23-CV-2401 |

## MEMORANDUM

**PAPPERT, J.**                                                                                       August 7, 2023

*Pro Se* Plaintiff Ardell Kennedy filed this lawsuit pursuant to 42 U.S.C. § 1983 based on his arrest and related criminal charge for driving under the influence. For the following reasons, the Court will grant Kennedy leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Kennedy will be allowed to file an amended complaint.

I

Kennedy names three Defendants in his Complaint: (1) the City of Philadelphia Police Department; (2) Philadelphia Police Officer Manuel Lopez; and (3) Philadelphia Police Officer Akhmat Muk. (Compl. at 2-3.)[1] Kennedy alleges that on December 30, 2022, while driving on Lehigh Avenue in Philadelphia, he was pulled over by Officers Lopez and Muk. (*Id*. at 5.) After the officers approached Kennedy's vehicle, Officer Lopez asked Kennedy for his driver's license, registration, and insurance, all of which Kennedy provided. (*Id*.) Officer Lopez then asked Kennedy to step out of his vehicle.

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

(*Id*. at 6.) When Kennedy complied, Officer Lopez placed him in handcuffs. (*Id*.) The officers proceeded to search Kennedy and his vehicle without Kennedy's consent. (*Id*.) They found no alcohol or controlled substance on Kennedy or in his vehicle. (*Id*.) Officer Muk then asked Officer Lopez, "what are we going to do with him?" to which Officer Lopez replied, "arrest him for DUI." (*Id*.) Kennedy requested a field sobriety test and a breathalyzer but was refused. (*Id*.) He was instead "sent to the roundhouse" to have his blood drawn. (*Id*.) Kennedy agreed to the blood draw because he was told that refusal would result in enhanced penalties. (*Id*.)

Kennedy was charged with DUI the following day. (*Id*. at 6, 8.) Due to a parole detainer, he was denied bail and detained pending ultimate dismissal of the case on June 9, 2023. (*Id*. at 6.) The public record reflects that on December 31, 2022, Kennedy was charged with DUI and reckless driving.[2] *Commonwealth v. Kennedy*, MC-51-CR-0022693-2022 (M.C. Phila.). The charges were withdrawn on June 9, 2023. *Id*.

Kennedy attaches to his Complaint various documents associated with his arrest and prosecution, including the Philadelphia Police Department Arrest Report. (Compl. at 7-8.) The "Facts of the Case" section of the Arrest Report states that after the police officers observed Kennedy run two red lights, they initiated the traffic stop. (*Id*. at 8.) Kennedy "slammed on the brakes abruptly." (*Id*.) While the officers ran Kennedy's license plate, Kennedy drove off. (*Id*.) The officers then observed Kennedy discard a Coors Light beer can through the front passenger window and then pull his vehicle over

---

[2] Although the public docket reveals that Kennedy was also charged with reckless driving, he makes no mention of reckless driving in his Complaint. Thus, it is not clear whether he challenges the reckless driving charge. To the extent Kennedy seeks to assert Fourth Amendment claims based on the reckless driving charge, he may allege facts supporting those claims in an amended complaint if he chooses to file one.

at the next corner. (*Id.*) When the officers approached Kennedy's vehicle, "an odor of alcoholic beverage and odor of marijuana emitted from inside the vehicle." (*Id.*) The officers observed that Kennedy had bloodshot eyes, was slurring his speech, looked confused, was argumentative and aggressive, and stumbled while exiting the vehicle. (*Id.*) Despite attaching the Arrest Report to his Complaint, Kennedy makes no mention of its contents.

Kennedy asserts Fourth Amendment claims for false arrest, false imprisonment, and malicious prosecution. (*Id.* at 3.) Kennedy alleges that Officers Lopez and Muk arrested him without probable cause or a search warrant. (*Id.* at 4.) He requests money damages. (*Id.* at 5.)

II

The Court grants Kennedy leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to

state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Kennedy is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

III

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, the Court will dismiss Kennedy's Complaint.

A

A police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See, e.g., Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality). Furthermore, agencies of the City of Philadelphia, such as the Philadelphia Police Department, do not have a separate legal existence from the City. *See Vurimindi v. City of Philadelphia*, No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010)

4

(observing that under 53 Pa. Cons. Stat. § 16257, "no such department shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia"); *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780-81 (E.D. Pa. 2005) (dismissing City of Philadelphia Police Department and the City of Philadelphia Police Department Northeast Detective Division). Accordingly, the Court will dismiss all claims against the Philadelphia Police Department because they are not plausible.[3]

B[4]

Kennedy asserts Fourth Amendment claims for false arrest, false imprisonment, and malicious prosecution, arising out of his arrest and prosecution for DUI. To state a

---

[3] Even if Kennedy intended to raise claims against the City of Philadelphia, as opposed to its police department, those claims fail because nothing in the Complaint alleges that the conduct of which Kennedy complains resulted from a municipal policy or custom. *See Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978) (holding that, to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation).

[4] In drafting his Complaint, Kennedy checked the boxes on the form he used to indicate that he seeks to name Defendants in their individual and official capacities. However, Kennedy appears not to have understood the implication of checking the official capacity box. Claims against government employees such as Officers Lopez and Huk named in their official capacity are indistinguishable from claims against the governmental entity that employs the Defendant. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell*, 436 U.S. at 690, n.55). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* Despite checking the "official capacity" box, Kennedy does not attempt to allege an official capacity claim, since he does not allege that a municipal policy or custom caused the constitutional violations alleged in the Complaint. *See Monell*, 436 U.S. at 694; *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("To determine whether a plaintiff sued state officials in their official capacity, we first look to the complaints and the course of proceedings." (quotations omitted)). Accordingly, it appears Kennedy may have checked these boxes in error. In any event, he has not stated a basis for any official capacity claims, so any such claims will be dismissed.

claim for false arrest and related false imprisonment under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995).[5] "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. "False arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'" *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)).

To state a Fourth Amendment malicious prosecution claim, a plaintiff must allege facts establishing that "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009). "Probable cause exists if there is a fair probability that the person committed the crime at issue." *Harvard*, 973 F.3d at 199 (internal quotations omitted). "To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his

---

[5] "False arrest and false imprisonment are 'nearly identical claims' that are 'generally analyzed together.'" *Karkut v. Target Corp.*, 453 F. Supp. 2d 874, 879 (E.D. Pa. 2006) (quoting *Brockington v. Phila.*, 354 F. Supp. 2d 563, 570 n. 8 (E.D. Pa. 2005) (citation omitted)).

6

prosecution ended without a conviction." *Thompson v. Clark*, 142 S. Ct. 1332, 1335 (2022).

Kennedy has failed to state a plausible Fourth Amendment claim. While Kennedy attempts to allege violations of his Fourth Amendment rights in connection with his arrest and prosecution for DUI – a charge that was ultimately withdrawn – he merely alleges in conclusory fashion that Officers Lopez and Muk lacked probable cause to arrest him. Kennedy does not specifically identify how the officers lacked probable cause. *See, e.g., Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (*per curiam*) (explaining that, to the extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested"). Moreover, Kennedy attaches the Arrest Report to his Complaint, the contents of which support an inference that the police officers had probable cause to believe Kennedy was committing a DUI. *See, e.g.*, *Com. v. Hilliar*, 943 A.2d 984, 994 (Pa. Super. Ct. 2008) (affirming finding of probable cause to arrest for DUI where officer "smelled strong odor of alcohol," and driver slurred his speech and "became verbally combative"). However, Kennedy does not refute the police officers' account of the arrest or even mention contents of the Arrest Report in his Complaint. *See Kwanzaa v. Tell*, No. 21-1939, 2022 WL 16756334, at *3 (3d Cir. Nov. 8, 2022) ("When evaluating the possible dismissal of a complaint, it was appropriate for the District Court to consider 'the allegations contained in the complaint, exhibits attached to the complaint[,] and matters of public record.'" (quoting *Doe v. Univ. of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020)). Without additional details concerning the police officers' alleged

7

lack of probable cause, Kennedy's Fourth Amendment claims for false arrest, false imprisonment, and malicious prosecution are undeveloped and will be dismissed.

IV

For the foregoing reasons, the Court will grant Kennedy leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  The Court will grant Kennedy leave to file an amended complaint in the event he can address the defects the Court has noted as to his Fourth Amendment claims.  An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**